IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2003

Michael N. Milby
Clerk of Court

JUAN SILVA                          §
                                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §          CAUSE NO.  B-03-145
                                    §
                                    §
BLOOD SYSTEMS, INC.                 §
                                    §
                                    §
        Defendant                   §
                                    §

**DEFENDANT BLOOD SYSTEMS INC.'S NOTICE OF REMOVAL**

Defendant Blood Systems, Inc. ("Blood Systems") files this Notice of Removal of an

action styled *Juan Silva v. Blood Systems, Inc.*, Cause No. 2003-07-3434-A, which was filed on

July 1, 2003 and which presently is pending in the District Court of Cameron County, Texas,

107th Judicial District, to remove this case to the United States District Court for the Southern

District of Texas, Brownsville Division.

**I.**

**INTRODUCTION**

The above-styled cause was brought by Plaintiff Juan Silva against Blood Systems.

Blood Systems first learned of this lawsuit when it was served with citation and Plaintiff's

Petition by service on its registered agent for service of process on July 17, 2003. Therefore,

July 17, 2003 is the date on which Blood Systems first "received, through service or otherwise, .

. . a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based." *See* 28 U.S.C. § 1446(b).

## II.

## DIVERSITY JURISDICTION AS BASIS FOR REMOVAL

This Court has original jurisdiction over this civil action on the basis of diversity of citizenship as provided in 28 U.S.C. § 1332. Complete diversity of citizenship between the parties to this action existed at the time of the incident alleged in Plaintiff's Petition and at all times thereafter, and still exists at the time of this removal.

At the time of the incident alleged in Plaintiff's Petition, at the time Plaintiff's Petition was filed, and at the time of this removal, Plaintiff Juan Silva was and is a citizen of the State of Texas.

At the time of the incident alleged in Plaintiff's Petition and at the time of this removal, Defendant Blood Systems was and is a corporation that is incorporated in the State of Arizona and that has its principal place of business in Arizona. Therefore, at the time of the incident alleged in Plaintiff's Petition, at the time Plaintiff's Petition was filed, and at the time that this Notice of Removal is filed, Blood Systems was and is a citizen of the States of Arizona.

Plaintiff's Petition demonstrates that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The Petition, attached hereto as part of Exhibit A, alleges, among other things, that Plaintiff Juan Silva "suffered serious and disabling bodily injuries. . . ." *See* Petition at § V. The Petition further alleges that said injuries "have had a serious effect on Plaintiff's health and well-being . . . are permanent and will abide with plaintiff for a long time into the future if not for the balance of his entire life." *See* Petition at § VII. The Petition further alleges that Plaintiff "has suffered a great deal of mental anguish . . . ." *Id.* In addition, Plaintiff alleges he has incurred "reasonable and necessary medical bills" and "will continue to incur reasonable and necessary bills in the future, if not for the balance of his life."

2

*See* Petition at § VIII.  Finally, the Petition states that Plaintiff seeks past and future pain and suffering, mental anguish, medical expenses and physical impairment/disability, as well as interest and all costs of court.  *See* Petition at § X.  Given all of the foregoing allegations, which Blood Systems denies in their entirety, Plaintiff's Petition establishes on its face that the jurisdictional requirement is met.

### III.

### ALL FEDERAL REMOVAL REQUIREMENTS HAVE BEEN MET

This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty days of the date on which Blood Systems first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action is based.  The venue of this removal action is proper pursuant to 28 U.S.C. §§ 1441(a) and (c), inasmuch as the United States District Court for the Southern District of Texas embraces Cameron County, which is the place where the state court action has been pending.

Immediately upon the filing of this Notice of Removal, Defendant will give written notice to Plaintiff's attorney of the removal of this case, and will file a copy of this Notice of Removal with the Clerk of the District Court of Cameron County, 107th Judicial District for filing with the papers of Plaintiff's suit there.

Attached hereto as Exhibit A is an index of all documents which clearly identifies each document and indicates the date on which each was filed in state court (if applicable), a copy of the state court docket sheet, a copy of the original petition, all process served on Blood Systems, a list of all counsel of record and a Civil Cover Sheet.  No orders have been signed by the state court judge.

No act of Congress prohibits the removal of this cause, and this cause is removable under 28 U.S.C. § 1441, *et seq.*

WHEREFORE, Defendant Blood Systems prays that the above-entitled cause be removed to the United States District Court for the Southern District of Texas and that this Court assume jurisdiction of this lawsuit and retain it for final disposition and for such other relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

Lana K. Varney
Texas Bar No. 20499500
Tina V. Fernandez
Texas Bar No. 24012620
FULBRIGHT & JAWORSKI, LLP
600 Congress Avenue, Ste. 2400
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Counsel for Defendant Blood Systems

## CERTIFICATE OF SERVICE

This pleading was served on the following counsel of record in compliance with the Federal Rules of Civil Procedure on August 1⁲, 2003.

Richard D. Nielsen, II
500 North Water Street
First Capital Bank, Suite 510
Corpus Christi, TX 78741

Attorney for Plaintiff

Lana K. Varney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN SILVA                          §
                                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §               CAUSE NO.
                                    §
                                    §
BLOOD SYSTEMS, INC.                 §
                                    §
                                    §
        Defendant                   §
                                    §

The following is an index of items attached to Defendant Blood Systems' Notice of

Removal:


| Tab | Date Filed | Document Description |
| --- | --- | --- |
| 1. | | Docket Sheet from the District Court, Cameron County, Texas, 107th Judicial District |
| 2. | | Executed Process on Blood Systems |
| 3. | July 1, 2003 | Plaintiff's Petition |
| 4 | August 7, 2003 | Defendant's Answer |
| 5. | | List of All Counsel of Record |
| 6. | | Civil Cover Sheet |



RUN DATE 08/05/03
RUN TIME  4:48 PM

PAGE: 01

JUAN SILVA

VS

ELCOO SYSTEMS, INC.

* * * * C L E R K ' S   E N T R I E S * * * *

2003-07-003434-A

00538901
RICHARD NIELSEN II
500 NORTH WATER STREET
CORPUS CHRISTI, TEXAS  784471 0000

(01)    PERSONAL INJURY/NONAUTO        07    01    03

07/01/03  ORIGINAL PETITION FILED
07/02/03  CITATION: BLOOD SYSTEMS, INC.
07/02/03     SERVED:

:ion for Personal Service - NON-RESIDENT NOTICE      Lit. Seq. # 5.002.01

No. 2003-07-003434-A

COPY

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
or your attorney do not file a written answer with the clerk who issued thi
:ion by 10:00 a.m. on the Monday next following the expiration of twenty
after you were served this citation and petition, a default judgment may b
against you.

DELIVERED THE 17 DAY OF July 2003

BRUCE ELFANT
CONSTABLE, PREC. 5, TRAVIS COUNTY, TEXAS

BY
DEPUTY

BLOOD SYSTEMS, INC.
SERVING ITS REGISTERED AGENT
MR. TERRY O. TOTTEHAM
500 CONGRESS, STE. 2400
AUSTIN, TEXAS 78701

_____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

NTIFF'S ORIGINAL PETITION

r before 10:00 o'clock a.m. of the Monday next after the expiration of 20
after the date of service of this citation before the Honorable District
t 107th Judicial District of Cameron County, Texas at the Courthouse of sa:
ty in Brownsville, Texas.  Said _____ PETITION _____ was filed on
ULY 01, 2003 .  A copy of same accompanies this citation.

file number of said suit being No. 2003-07-003434-A.

style of the case is:

JUAN SILVA
VS.
BLOOD SYSTEMS, INC.

petition was filed in said court by _____ RICHARD NIELSEN II _____
orney for _____ PLAINTIFF _____ ), whose address is
NORTH WATER STREET CORPUS CHRISTI,TEXAS  78471

The nature of the demand is fully shown by a true and correct copy of the
tion accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
irements of law, and the mandates thereof, and make due return as the law
:cts.

Issued and given under my hand and seal of said Court at Brownsville,
ıs, this the 2nd day of JULY , A.D. 2003.

# R E T U R N   O F   O F F I C E R

ame to hand the _____ day of _____ _____, at _____ o'clock ___.M., and

xecuted (not executed) on the _____ day of _____, _____, by delivering

_____ in person a true copy of this Citatic

on which I endorsed the date of delivery, together with the accompanying co

the _____

use of failure to execute this citation is: _____

_____

ES serving 1 copy                    _____

tal....... $_____     Sheriff/constable _____ County,

es paid by:_____     By _____ Dep

CONSTABLE PRECINCT # 5
TRAVIS COUNTY, TEXAS

CAUSE NO. _2003-07-3434-A_

| | | |
|---|---|---|
| **JUAN SILVA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | 107 **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **BLOOD SYSTEMS, INC.** | § | **CAMERON COUNTY, TEXAS** |

FILED
JUL 01 2003
DISTRICT COU... ... CAMERON COUNTY TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN SILVA**, hereinafter referred to by name or as Plaintiff, complaining of **BLOOD SYSTEMS, INC.**, hereinafter referred to by name or as Defendant, and for this cause of action would respectfully show unto the Court the following:

I.

Plaintiff, JUAN SILVA, intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

Plaintiff, **JUAN SILVA,** is an individual residing in Santa Rosa, Texas, Cameron. County, Texas.

Defendant, **BLOOD SYSTEMS, INC.,** is a non-profit organization licensed to do business in the state of Texas, and may be served with process upon its registered agent, Mr. Terry O. Totteham, 600 Congress, Suite 2400, Austin, Texas 78701.

II.

Venue is proper in Cameron County, Texas, pursuant to the Texas Civil Practice and Remedies Code Section 15.002 since all or part of the cause of action accrued in Cameron County, Texas.

1

_Plaintiff's Original Petition - Juan Silva vs. Blood Systems, Inc._

## III.

On or about July 6, 2001, at approximately 10:30 a.m., Plaintiff, **JUAN SILVA**, was called upon as a blood donor while within the course and scope of his employment with the Texas Department of Health/South Texas Healthcare System. The "blood mobile" was located in the 508 zone of the parking lot of the Texas Department of Health. While waiting in line to donate blood, another blood donor was descending the stairs attached to the United Blood Services Unit, owned and operated by Defendant, BLOOD SYSTEMS, INC., when she fell due to the failure and/or collapsing of the stairs. Plaintiff, **JUAN SILVA** was unable to avoid the falling donor and "caught" her as she fell severely injuring his right knee.

## IV.

By its conduct, Defendant, BLOOD SYSTEMS, INC., extended an invitation to all personnel, including the Plaintiff, to enter the premises. Consequently, PLAINTIFF was a donator by invitation to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard the Plaintiff from unreasonably dangerous conditions on and within the instrumentalities placed on the premises and to warn Plaintiff of their existence.

## V.

While in the immediate vicinity of the United Blood Services Unit owned and operated by Defendant, BLOOD SYSTEMS, INC., Plaintiff suffered serious and disabling bodily injuries as a direct result of the incident, said incident being proximately caused by the negligence of the Defendant in allowing dangerous conditions to exist on or within instrumentalities placed on the premises when Defendant, its agents, servants, and

*Plaintiff's Original Petition - Juan Silva vs. Blood Systems, Inc.*

2

employees, knew, or in the exercise of ordinary care, should have known, that the dangerous conditions existed.

## VI.

Plaintiff further alleges that Defendant, its agents, servants, and employees failed to maintain the United Blood Services mobile unit and/or stairs in such a way to create a dangerous and hazardous condition on the premises; failed to use reasonable care in maintaining the United Blood Services mobile unit and/or stairs; failed to use reasonable care in the maintenance of the United Blood Services mobile unit and/or stairs and allowed the United Blood Services mobile unit and/or stairs to remain in a hazardous and unsafe condition. Additionally, Defendant negligently or willfully failed to warn Plaintiff of the hazards on the United Blood Services mobile unit and/or premises despite the fact that Defendant, its agents, servants and employees, knew, or in the exercise of ordinary care should have known, of the existence and the likelihood of someone being injured. The above stated negligence proximately caused the Plaintiff's injuries and damages. Each of the said acts and/or omissions, taken singularly or in combination, constitute negligence which proximately caused the injuries and damages set forth herein.

## VII.

As a direct and proximate result of the negligent conduct of the Defendant, Plaintiff suffered bodily injuries to his right knee. The injuries are permanent in nature. These injuries have had a serious effect on Plaintiff's health and well-being. Some of the injuries are permanent and will abide with Plaintiff for a long time into the future if not for the balance of his entire life. These specific injuries and their ill effects have, in turn, caused

and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time into the future if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical pain and has suffered a great deal of mental anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered physical disability and impairment and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his entire life.

Prior to the incident made the basis of this action, Plaintiff, **JUAN SILVA**, was forty-three (42) years of age and had a remaining life expectancy of over thirty-eight (38) years according to the United States Department of Labor Bureau of Statistics.

## VIII.

As a direct and proximate result of the Defendant's negligence, the Plaintiff, **JUAN SILVA**, has incurred reasonable and necessary medical bills, said charges being reasonable in and for Cameron County, Texas, at the time they were incurred. Plaintiff will continue to incur reasonable and necessary bills in the future, if not for the balance of his life.

## IX.

By reason of the above and foregoing, the Plaintiff herein has suffered damages which exceed the minimum jurisdictional limits of this Court.

4

*Plaintiff's Original Petition - Juan Silva vs. Blood Systems, Inc.*

## X.

Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **JUAN SILVA,** respectfully requests that Defendant, **BLOOD SYSTEMS, INC.,** be cited to appear and answer herein, and that upon final trial hereafter Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court together with all pre-judgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.  **Past and future pain and suffering;**
2.  **Past and future mental anguish;**
3.  **Past and future medical expenses;**
4.  **Past and future physical impairment/disability;**
5.  **Pre-judgment interest; and**
6.  **Post-judgment interest.**

Respectfully Submitted,

Law Offices of Richard D. Nielsen, II

BY:    _/s/_____

RICHARD D. NIELSEN, II
State Bar No. 15021800
500 North Water Street
First Capital Bank, Suite 510
Corpus Christi, Texas 78471
(361) 885-0855
(361) 885-0911 facsimile
E-mail: rdn@flash.net

*ATTORNEY FOR PLAINTIFF*

CAUSE NO. 2003-07-3434-A

| | | |
|---|---|---|
| JUAN SILVA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BLOOD SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## DEFENDANT BLOOD SYSTEMS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Blood Systems, Inc. ("Blood Systems") files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### A. SPECIAL EXCEPTION

Defendant Blood Systems specially excepts to paragraphs IX and X, including the prayer for relief portion of paragraph X, in Plaintiff's Original Petition in that these paragraphs fail to specify the maximum amount of damages claimed by Plaintiff. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Blood Systems asks the Court to require Plaintiff to specify the maximum amount of damages sought.

### B. GENERAL DENIAL

Subject to all stipulations and admissions that may hereafter be made, Blood Systems asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Blood Systems respectfully requests that Plaintiff be required to prove the charges and allegations against Blood Systems by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

30516648.1

## C. DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses and/or defenses (hereinafter, "defenses") should be available to Blood Systems in this matter. Blood Systems therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Blood Systems may withdraw any of these defenses as may be appropriate. Further, Blood Systems reserves the right to amend this answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of defense, Blood Systems states as follows:

### FIRST DEFENSE
(Statute of Limitations)

With respect to each and every cause of action in Plaintiff's Original Petition, all or part of Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND DEFENSE
(Indispensable Parties)

Plaintiff has failed to join indispensable parties required for a proper adjudication of this matter. Furthermore, in the alternative, the alleged injuries and/or losses of the Plaintiff, if any, were caused in part by the legal fault and/or negligence of parties other than Blood Systems, over whom Blood Systems had no control, and any recovery by the Plaintiff should be barred, or, at a minimum, should be reduced or apportioned in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001-33.017 (Vernon 1997).

### THIRD DEFENSE
#### (Lack of Causation)

Blood Systems asserts that its conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages claimed by Plaintiff, if any.

### FOURTH DEFENSE
#### (No Negligence)

Blood Systems denies that it is liable for actionable negligence and denies that Plaintiff was injured thereby.

### FIFTH DEFENSE
#### (Prejudgment Interest)

Bayer asserts the limitations of prejudgment interest set forth in TEX. FIN. CODE ANN. §§ 304.101-304.108 (Vernon Supp. 2000).

### SIXTH DEFENSE
#### (No Foreseeability)

Blood Systems denies that Plaintiff's injuries, if any, were reasonably foreseeable.

### AMENDMENTS

Blood Systems specifically reserves the right to amend its answer by adding or withdrawing defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

### D. JURY DEMAND

Defendant Blood Systems demands a jury trial and tenders the appropriate fee.

WHEREFORE, Blood Systems prays for judgment as follows:

1.    That Plaintiff is not entitled to equitable relief;

2.    That Plaintiff take nothing by the Original Petition; and

3.    For such other and further relief as the court may deem just and proper.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.


By _____

      Lana K. Varney
      State Bar No. 20499500
      Tina V. Fernandez
      State Bar No. 24012620
      FULBRIGHT & JAWORSKI L.L.P.
      600 Congress Avenue, Ste. 2400
      Austin, Texas 78701
      Telephone: 512.474.5201
      Telecopier: 512.536.4598

**ATTORNEYS FOR DEFENDANT
BLOOD SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing pleading has been mailed by certified mail, return receipt requested and/or delivered by messenger and/or sent by facsimile to the following counsel of record:

**BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

***Counsel for Plaintiff***
**Richard D. Nielsen, II**
**500 North Water Street**
**First Capital Bank, Suite 510**
**Corpus Christi, Texas 78471**

On this the 7th day of August, 2003.

Tina V. Fernandez

30516648.1                              - 5 -

## COUNSEL OF RECORD

Lana K. Varney
Texas Bar No. 20499500
Tina V. Fernandez
Texas Bar No. 24012620
FULBRIGHT & JAWORSKI, LLP
600 Congress Avenue, Ste. 2400
Austin, Texas  78701
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598
**Counsel for Defendant Blood Systems**


Richard D. Nielsen, II
500 North Water Street
First Capital Bank, Suite 510
Corpus Christi, TX 78741
**Counsel for Plaintiff Juan Silva**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Juan Silva

**DEFENDANTS**
Blood Systems, Inc.

(b) County of Residence of First Listed Plaintiff  Cameron County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Maricopa County, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard D Nielsen, II
500 N. Water Street
First Capital Bank, Ste. 510
Corpus, Christi, TX 78741

Attorneys (If Known) Lana K. Varney
Fulbright & Jaworski, LLP
600 Congress Ave. Ste. 2400
Austin, TX 78704

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1441, 1446    Removing case to Federal Court based on Diversity Jurisdiction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE  8/12/03

SIGNATURE OF ATTORNEY OF RECORD  Lana Varney

FOR OFFICE USE ONLY