IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN SILVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-145 |
| | § | |
| | § | |
| BLOOD SYSTEMS INC., | § | |
| | § | |
| Defendant. | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Response:**

Richard Nielsen, counsel for Plaintiff, and Tina V. Fernandez, counsel for defendant conferred via telephonic conference on Tuesday, November 25, 2003.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**Response:**

None.

3. Specify the allegation of federal jurisdiction.

**Response:**

Allegation of Federal Jurisdiction is premised on complete diversity under 28 U.S.C. §§ 1441, 1446.

4. Name the parties who disagree and the reasons.

30597175.1

**Response:**

> None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response:**

> Discovery is ongoing and not yet complete. Therefore, the parties cannot answer this question at this time.

6. List anticipated interventions.

**Response:**

> None.

7. Describe class-action issues.

**Response:**

> None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Response:**

> Neither party has made its initial disclosures. The parties have agreed to make their initial disclosures no later than January 9, 2003.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   C. When and to whom the defendant anticipates it may send interrogatories.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   G. List expert depositions the defendant anticipates taking and their anticipated

completion date. See Rule 26(a)(2)(B) (expert report).

**Response:**

The parties request that the Court adopt the following schedule:

| | |
|---|---|
| Fact Discovery Deadline | July 23, 2004 |
| Plaintiff's Rule 26(a)(2) Disclosures | August 20, 2004 |
| Defendants Rule 26(a)(2) Disclosures | September 17, 2004 |
| Deadline to depose experts; submission of reports | November 19, 2004 |
| Deadline for Dispositive Pre-Trial Motions | December 17, 2004 |
| Pre-trial Conference | January 18, 2005 |
| Trial Date | January 30, 2005 |

In further response to Question 9(b)(d) and (f), Plaintiff states that it anticipates sending interrogatories to and taking the deposition of the defendant, eyewitnesses to the incident at issue and plaintiff's treating physician. Plaintiff further responds that discovery is ongoing and not yet complete. Therefore, Plaintiff can not name experts it intends to depose at this time. Plaintiff reserves the right to identify additional individuals, including experts, if necessary.

In further response to Question 9(c)(e) and (g), Defendant states that it anticipates sending interrogatories to and taking the deposition of the plaintiff and plaintiff's treating physician. Defendant further responds that discovery is ongoing and not yet complete. Therefore, Defendant can not name experts it intends to depose at this time. Defendant reserves the right to identify additional individuals, including experts, if necessary.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response:**

The parties have agreed to the schedule outlined in the response to question 9 above.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response:**

None

12. State the date the planned discovery can reasonably be completed.

**Response:**

> In accordance with the parties agreed scheduling order, all fact discovery will be completed by July 23, 2004 and all expert discovery will be completed by November 19, 2004.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Response:**

> The parties agree that a prompt resolution of this matter is desirable. To that end, the parties will investigate the theories of liability and possible defenses in order to better value the case. The parties are also amenable to attempting to mediate the case.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Response:**

> The Plaintiff has submitted a settlement demand to Defendant. Defendant is currently evaluating the demand. The parties have not conducted any discovery as of yet but will do so in a timely manner so as to gather information to value the case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**Response:**

> The parties agree to attempt to mediate the case.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' position on a trial before a magistrate judge.

**Response:**

> The parties are amenable to a magistrate judge hearing this case.

17. State whether a jury demand has been made and if it was made on time.

**Response:**

> A jury demand was timely made on August 7, 2003.

18. Specify the number of hours it will take to present the evidence in this case.

**Response:**

    Discovery is ongoing and not yet complete. Therefore, the parties cannot answer this question at this time.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Response:**

    None.

20. List other motions pending.

**Response:**

    None.

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

**Response:**

    None.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Lana K. Varney
State Bar No. 20499500
Tina V. Fernandez
State Bar No. 24026942
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Counsel for Defendant Blood Systems, Inc.

Richard D. Nielsen, II
State Bar No. 15021800
500 North Water Street
First Capital Bank, Suite 510
Corpus Christi, Texas 78471
Telephone: (361) 885-0855
Facsimile: (361) 885-0911
Counsel for Plaintiff Juan Silva

23. All counsel or pro se parties are required to keep the Clerk and all other parties advised of changes of address.

Respectfully submitted,

By: /s/ Tina V. Fernandez
Lana K. Varney
State Bar No. 20499500
Tina V. Fernandez
State Bar No. 24026942
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

Counsel for Defendant Blood Systems Inc.

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

## CERTIFICATE OF SERVICE

I certify that on the 25th day of November, 2003, a true and correct copy of the foregoing was forwarded by certified mail, return receipt requested, to all counsel of record as follows:

Richard D. Nielsen, II
500 North Water Street
First Capital Bank, Suite 510
Corpus Christi, Texas 78471
Telephone: (361) 885-0855
Facsimile: (361) 885-0911

*/s/ Tina V. Fernandez*
Tina V. Fernandez

30597175.1                                    7